UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:24-cv-00373-JA-RMN

VICTOR ARIZA,

                Plaintiff,

  v.

FUN SPOT AMERICA
ENTERTAINMENT, INC.


                Defendant.

## <u>DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>

Defendant, FUN SPOT AMERICA ENTERTAINMENT, INC., ("Fun Spot" or "Defendant"), hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint and states the following:

1.    In response to paragraph 1, Defendant acknowledges that Plaintiff purports to bring this action under the Americans with Disabilities Act ("ADA") and also purports to bring this action for declaratory and injunctive relief; however, Defendant denies that Plaintiff has any valid cause of action and denies the allegations in this paragraph to the extent they suggest or imply that Defendant has failed to comply with the ADA or that Plaintiff is entitled to any relief whatsoever.

2.      In response to paragraph 2, Defendant admits only that the Court has jurisdiction over this matter based on federal question jurisdiction, but denies that Plaintiff has any valid causes of action and denies all remaining allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 2 regarding this Court's supplemental jurisdiction over Plaintiff's common law tort claim and, therefore, denies those allegations.

3.      In response to paragraph 3, Defendant admits only that venue is proper in this Court but denies that Plaintiff has any valid cause of action and denies all remaining allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 4 and, therefore, denies all of the allegations in this paragraph.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5 and, therefore, denies all of the allegations in this paragraph.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and, therefore, denies all of the allegations in this paragraph.

7.     In response to paragraph 7, Defendant admits only that it is authorized to and conducts business in the State of Florida. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations and, therefore, denies all remaining allegations in this paragraph.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8 and, therefore, denies all of the allegations in this paragraph.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9 and, therefore, denies all of the allegations in this paragraph.

10.     In response to paragraph 10, Defendant admits only that it owns, operates and controls amusement parks under the name "Fun Spot America" and "Fun Spot America" is open to the public. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations and, therefore, denies all remaining allegations in this paragraph.

11.     In response to paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11 and, therefore, denies all of the allegations in this paragraph.

12.     In response to paragraph 12, Defendant admits that Defendant owns, controls, maintains and operates a website: https://fun-spot.com/ and that the website provides the public information on Defendant's amusement parks.

13.     In response to paragraph 13, Defendant admits the website provides information on available products, services, tips and advice, editorials, sales campaigns, events.

14.     In response to paragraph 14, Defendant admits only that the website allows the public to obtain information about the locations of Defendant's physical amusement parks, purchase amusement park tickets, obtain information on amusement park events and buy passes for those events, purchase one-day dining deals, purchase group packages, submit online forms to purchase and book a variety of group packages and/or events, purchase and book birthday party packages, purchase gift cards for use in and across the physical amusement parks, and sign up for an emailer/newsletter to receive exclusive online offers, benefits, invitations, and discounts for use online and in the physical amusement parks. Defendant denies all remaining allegations and references to the public accommodations under the ADA.

15.     In response to paragraph 15, Defendant admits only that tickets are available for purchase within the Defendant's website and denies all remaining allegations in this paragraph.

16.    In response to paragraph 16, Defendant admits that Defendant owns, controls, maintains and operates a website and denies all remaining allegations in this paragraph.

17.    In response to paragraph 17, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 and, therefore, denies all of the allegations in this paragraph.

18.    In response to paragraph 18, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 and, therefore, denies all of the allegations in this paragraph.

19.    In response to paragraph 19, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 and, therefore, denies all of the allegations in this paragraph.

20.    In response to paragraph 20, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 and, therefore, denies all of the allegations in this paragraph.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraphs 21, but denies the allegations in paragraphs 21(a), 21(b), 21(c), 21(d), and 21(e).

22.    In response to paragraph 22, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 and, therefore, denies all of the allegations in this paragraph.

23.    In response to paragraph 23, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23 and, therefore, denies all of the allegations in this paragraph.

24.    In response to paragraph 24, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 and, therefore, denies all of the allegations in this paragraph.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.     Denied.

37.     Denied.

38.     Paragraph 38 contains a statement of law that Defendant is not required to admit or deny.

39.     Paragraph 38 contains a statement of law that Defendant is not required to admit or deny.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     In response to paragraph 46, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46 and, therefore, denies all of the allegations in this paragraph.

## **Trespass Violations**

47.     In response to paragraph 47, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 and, therefore, denies all of the allegations in this paragraph.

48.     In response to paragraph 48, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 48 and, therefore, denies all of the allegations in this paragraph.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT I – VIOLATION OF THE ADA

52.     Defendant realleges and reincorporates its response to the allegations in paragraphs 1-51 above.

53.     In response to paragraph 53, Defendant states that the allegations in paragraph 53 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 53.

54.     Denied.

55.     In response to paragraph 55, Defendant states that the allegations in paragraph 55 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 55.

56.     In response to paragraph 56, Defendant states that the allegations in paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 56.

57.     In response to paragraph 57, Defendant states that the allegations in paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 57.

58.     Denied.

59.     Denied.

60.     In response to paragraph 60, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 60 and, therefore, denies all of the allegations in this paragraph.

61.     Denied.

62.     In response to paragraph 62, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 62 and, therefore, denies all of the allegations in this paragraph.

63.     Denied.

64.     In response to paragraph 64, Defendant states that the allegations in paragraph 64 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 64.

65.     In response to paragraph 65, Defendant states that the allegations in paragraph 65 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 65.

66.   In response to paragraph 66, Defendant states that the allegations in paragraph 66 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 66.

67.   In response to paragraph 67, Defendant states that the allegations in paragraph 67 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 67.

68.   Defendant denies the allegations in paragraph 68.

69.   Defendant denies the allegations in paragraph 69.

70.   Defendant denies the allegations in paragraph 70.

71.   In response to paragraphs 71, 71(a), 71(b), 71(c)  Defendant states that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 71, 71(a), 71(b), 71(c)  and, therefore, denies all of the allegations in these paragraphs.

72.   In response to paragraph 72, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 72 and, therefore, denies all of the allegations in this paragraph.

In response to Plaintiff's WHEREFORE clause and paragraphs (A) – (K) located directly after paragraph 72, Defendant denies that Plaintiff is entitled to any of the relief contained in the WHEREFORE clause and paragraphs (A) – (K).

## COUNT II - TRESPASS

73.    Defendant realleges and reincorporates its response to the allegations in paragraphs 1-51 above.

74.    Defendant denies the allegations in paragraph 74.

75.    In response to paragraph 75, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 75 and, therefore, denies all of the allegations in this paragraph.

76.    Defendant denies the allegations in paragraph 76.

77.    Defendant denies the allegations in paragraph 77.

78.    Defendant denies the allegations in paragraph 78.

79.    In response to paragraph 79, Defendant states that this document speaks for itself and, therefore, denies all of the allegations in this paragraph.

80.    Defendant denies the allegations in paragraphs 80, 80(a), 80(b), 80(c), 80(d), and 80(e).

81.    Defendant denies the allegations in paragraph 81.

In response to Plaintiff's WHEREFORE clause located directly after paragraph 81, Defendant denies that Plaintiff is entitled to any of the relief contained in the WHEREFORE clause.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST DEFENSE

Plaintiff has brought this case without adequate factual basis or investigation, or prior request or demand of any sort, seeking recovery of needless attorneys' fees, expenses and costs, and Plaintiff does not have standing to bring this action and therefore the Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff has demanded modifications which are either not required, not readily achievable, technically infeasible, would create an undue hardship on Defendant, would fundamentally alter the way that Defendant provides goods and services to the public, or which would create a direct threat to the health and safety of the Plaintiff or others.

### THIRD DEFENSE

To the extent Plaintiff has failed to fulfill all conditions precedent to this lawsuit, Plaintiff is not entitled to any relief.

### FOURTH DEFENSE

Plaintiff has failed to state a claim for which relief may be granted against Defendant.

## FIFTH DEFENSE

To the extent that Plaintiff's causes of action or alleged violations did not accrue within the time prescribed by law, they must be dismissed.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, estoppel and/or waiver and/or mootness.

## SEVENTH DEFENSE

To the extent that Defendant has or will institute barrier removal plans to eliminate any existing deficiencies, the litigation instituted by Plaintiff cannot serve as the basis for attorneys' fees or injunctive relief in this action.

## EIGHTH DEFENSE

Unless Plaintiff is able to demonstrate that Plaintiff has visited and has a reasonable expectation of visiting the subject property in the foreseeable future and suffering harm, the Complaint must be dismissed.

## NINTH DEFENSE

Plaintiff made no pre-suit demand which may have brought resolution to this matter and not wasted the Court's limited resources; therefore, Plaintiff should not be awarded any damages, costs, or fees. *See Macort v. Checker Drive-In Restaurant, Inc.*, 2005 U.S. Dist. LEXIS 2437, 2005 WL 332422 (M.D. Fla. 2005).

## TENTH DEFENSE

Plaintiff does not have standing to bring some or all of this action and therefore this Complaint should be dismissed.

## ELEVENTH DEFENSE

To the degree in which some or all of Plaintiff's claims are subject to or incorporated into the settlement of a previously filed action, his claims are moot and should be dismissed.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests the Court grant the following:

1.      That Plaintiff's claims are dismissed with prejudice;

2.      That each and every prayer for relief in the Complaint be denied; and,

3.      That all costs and attorneys' fees be awarded to Defendant and against Plaintiff along with such other and further relief as the Court may deem just and proper.

Dated this 14th of May, 2024.

Respectfully submitted,
FORD & HARRISON LLP

/s/ Shannon L. Kelly
Florida Bar No. 31093
Email: skelly@fordharrison.com
Sara K. Finnigan
Florida Bar No. 1032142
Email: sfinnigan@fordharrison.com
300 South Orange Avenue, Suite 1300
Orlando, FL  32801
T (407) 418-2325 | F (407) 418-2327

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically send a notice of electronic filing upon the following:

Roderick V. Hannah, Esq., P.A.
4800 North Hiatus Road
Sunrise, FL 33351-7919
Email: rhannah@rhannahlaw.com

Law Office of Pelayo Duran, P.A.
4640 N.W. 7th Street
Miami, FL 33126-2309
Email: pduran@pelayoduran.com

/s/Shannon L. Kelly
Attorney

DOCID:  DOCPROPERTY DOCXDOCID DMS=IManage Format=<<LIB>>:<<NUM>>.<<VER>> DATE